RENDERED:  MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0494-MR

BLACKSTONE ALTERNATIVE
ASSET MANAGEMENT L.P.                                          APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 21-CI-00617


KENTUCKY PUBLIC PENSIONS
AUTHORITY; BOARD OF
TRUSTEES OF THE COUNTY
EMPLOYEES RETIREMENT
SYSTEMS; BOARD OF TRUSTEES
OF THE KENTUCKY RETIREMENT
SYSTEMS; KENTUCKY
RETIREMENT SYSTEMS
INSURANCE FUND; AND
KENTUCKY RETIREMENT
SYSTEMS PENSION FUND                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND EASTON, JUDGES.

DIXON, JUDGE: Blackstone Alternative Asset Management L.P. (BAAM) appeals from the order of the Franklin Circuit Court entered on April 6, 2022, dismissing its claims against Kentucky Public Pensions Authority; Board of Trustees of The County Employees Retirement Systems (CERS); Board of Trustees of the Kentucky Retirement Systems; Kentucky Retirement Systems Insurance Fund; and Kentucky Retirement Systems Pension Fund (collectively referred to as KPPA[1]). Following a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On August 29, 2011, KPPA, BAAM, and Blackstone Alternative Asset Management Associates LLC (BAAMA)[2] entered a limited liability company (LLC) agreement in which KPPA and BAAMA were members and BAAM was the sole manager of Blackstone Henry Clay Fund, LLC (Henry Clay Fund). The following day, KPPA entered two subscription agreements to the Henry Clay Fund as an investor, one for $335,000,000 and the other for $80,000,000. The subscription agreements specifically incorporated the terms and conditions of the LLC agreement. The main purpose of forming the LLC and entering the subscriptions was for BAAM to manage KPPA's investments to profit

[1] Formerly known as the "Kentucky Retirement System."

[2] BAAMA is not a party to this action.

both entities. KPPA also invested money with other companies. These investments later became the subject of multiple lawsuits. We will address only the ones pertaining to this appeal.

**The *Overstreet* Action**

In late 2017, eight members of KPPA's defined-benefit retirement plan brought claims alleging funding losses against certain former KPPA trustees and officers, as well as private investment advisors and hedge funds and their principals. In early 2018, the complaint was amended, bringing the number of defendants to 32, including BAAM, as well as KPPA as a nominal defendant.

The KPPA trustee and officer defendants filed interlocutory appeals of the standing and sovereign immunity rulings, which were transferred and consolidated before the Supreme Court of Kentucky in *Overstreet v. Mayberry*, 603 S.W.3d 244 (Ky. 2020). In its opinion, rendered July 9, 2020, the Supreme Court found "Plaintiffs lack an injury in fact sufficient to support constitutional standing," and remanded to the trial court for dismissal. *Id.* at 251.

On July 21, 2020, the Attorney General of Kentucky (OAG) filed a separate action with a complaint mirroring *Overstreet*. That action was consolidated with, and later unconsolidated from, the *Overstreet* action and is still pending. Even so, the OAG moved to intervene in the *Overstreet* action as well.

-3-

On December 28, 2020, the trial court addressed the OAG's intervention motion in the *Overstreet* action and the motion of the original plaintiffs and three new plaintiffs to file an amended complaint. It entered an order allowing the OAG to intervene, but dismissed the plaintiffs' complaint and motion to file an amended complaint. As a result, the only remaining plaintiff in the *Overstreet* action was the OAG.

Plaintiffs appealed a second time but later voluntarily dismissed their appeal. Defendants cross-appealed, and their combined appeals were before another panel of our court in *KKR & Co., Inc. v. Mayberry*, No. 2021-CA-1307-MR, 2023 WL 2939473 (Ky. App. Apr. 14, 2023). That panel held, even though the trial court complied with the Supreme Court's directive and dismissed the complaint, it "exceeded its authority when it entertained various motions to amend and to intervene, and more specifically by permitting the OAG to intervene." *Id.* at *3. Accordingly, the panel affirmed the trial court's order dismissing the plaintiffs' claims, but vacated the orders pertaining to motions made after the Supreme Court's opinion in *Overstreet*. *Id.* at *4. Its opinion is not yet final.

**The Declaratory Action**

On April 28, 2021, the OAG filed a declaration of rights action against BAAM, KPPA, and others. Concerning BAAM, the OAG sought for the trial court to declare the indemnification provisions in Section IV(A) of the

subscription agreements void and unenforceable under Sections 50, 171, 177, and 230 of the Kentucky Constitution. The defendants, including BAAM, moved the trial court to dismiss the action, and the OAG moved for summary judgment. On March 24, 2022, the trial court denied the defendants' motions to dismiss and granted the OAG's motion for summary judgment. Defendants appealed, and their consolidated appeals are currently before another panel of our Court (Case Nos. 2022-CA-0353-MR, 2022-CA-0347-MR, 2022-CA-0350-MR, and 2022-CA-0352-MR).

**This Action**

On July 30, 2021, BAAM sued for breach of contract, asserting:

In the contracts through which [KPPA] invested in the Clay Fund [KPPA] represented in plain language that it understood its investment, and that the investment was "suitable." [KPPA] also acknowledged that it understood the "method of compensation" established under the Clay Fund [LLC Agreement] and the "nature of" and "risks associated with" the fees paid to BAAM and the underlying portfolio managers in which the Clay Fund would invest. [KPPA] expressly agreed to reimburse BAAM against all damages and expenses arising from [KPPA's] material breach of those representations.

BAAM alleges KPPA breached its contracts when, beginning in 2018, it "declared its support" for the *Overstreet* action – these allegations also extend to the complaints filed by the OAG that mirror *Overstreet*. BAAM further contends

-5-

KPPA breached its contracts when it "supported" the declaratory action discussed previously herein.

BAAM ultimately claims that since the *Overstreet* action, the OAG's action similar to *Overstreet*, and the declaratory action "are predicated on the rejection of [KPPA's] contractual representations to BAAM, and because [KPPA] has supported and is now directly standing behind [those actions, KPPA] should be required to reimburse BAAM for the damages from those breaches." It claims those damages include its "costs in defending these meritless lawsuits and, in the unlikely event of an adverse judgment in the [*Overstreet* and the OAG's similar action], for that judgment."

Defendants moved to dismiss BAAM's complaint for various reasons including: (1) they owe no duty to BAAM to stop third parties from seeking relief against BAAM for its alleged wrongdoings, (2) BAAM's claims are unripe, (3) BAAM's claims for indemnification are unconstitutional, and (4) BAAM's claims are barred by sovereign immunity. The CERS Board of Trustees moved to dismiss BAAM's complaint asserting: (1) the CERS Board did not exist until April 1, 2021; (2) the CERS Board members were not individually named or served; (3) the CERS Board is not liable for the OAG's actions; (4) the CERS Board and its members are entitled to sovereign immunity, and (5) the CERS Board members, as individuals, are entitled to qualified immunity. After the matter was fully briefed

-6-

and argued, the trial court granted the motions to dismiss, finding BAAM's claims

unripe, and this appeal followed.

## STANDARD OF REVIEW

Appellees moved the trial court to dismiss the complaint under CR[3]

12.02(f) for failure to state a claim upon which relief can be granted.  Kentucky's

highest court has observed:

> A motion to dismiss for failure to state a claim upon
> which relief may be granted "admits as true the material
> facts of the complaint."  So a court should not grant such
> a motion "unless it appears the pleading party would not
> be entitled to relief under any set of facts which could be
> proved. . . ."  Accordingly, "the pleadings should be
> liberally construed in the light most favorable to the
> plaintiff, all allegations being taken as true."  This
> exacting standard of review eliminates any need by the
> trial court to make findings of fact; "rather, the question
> is purely a matter of law.  Stated another way, the court
> must ask if the facts alleged in the complaint can be
> proved, would the plaintiff be entitled to relief?"  Since a
> motion to dismiss for failure to state a claim upon which
> relief may be granted is a pure question of law, a
> reviewing court owes no deference to a trial court's
> determination; instead, an appellate court reviews the
> issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

---

[3]  Kentucky Rules of Civil Procedure.

## LEGAL ANALYSIS

On appeal, BAAM raises multiple arguments. However, the trial court dismissed the action solely because it found BAAM's claims to be "premature" or unripe. Therefore, we will address this issue first.

"Ripeness is a threshold issue: 'Because an unripe claim is not justiciable, the circuit court has no subject matter jurisdiction over it.'" *Berger Fam. Real Est., LLC v. City of Covington*, 464 S.W.3d 160, 166 (Ky. App. 2015) (citations omitted). "The basic rationale of the ripeness requirement is 'to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]'" *W.B. v. Commonwealth, Cabinet for Health & Family Servs.*, 388 S.W.3d 108, 114 (Ky. 2012) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967)). As a practical matter, "courts would rather avoid speculative cases, defer to finders of fact with greater subject matter expertise, decide cases with fully-developed records, and avoid overly broad opinions, even if these courts might constitutionally hear a dispute." *Id.* at 114-15 (internal quotation marks and citations omitted).

In the case herein, the trial court relied on the following sections of the LLC agreement in determining BAAM's claims were premature or unripe:

Section 2.3  Limitation of Liability; Indemnification

(a)  [BAAM] shall not be liable to [KPPA] or the Company for any and all loss, liability and expenses, judgments, civil fines, amounts paid in settlement, monetary or other damages and other amounts reasonably paid or incurred to the Company or [KPPA] arising out of, related to or in connection with any act or omission of [BAAM] taken, or omitted to be taken . . . ***except*** for any loss, liability and expenses, judgments, civil fines, amounts paid in settlement, monetary or other damages and other amounts arising out of, related to or in connection with any act or omission that is ***Judicially Determined to be primarily attributable to fraud, bad faith, willful misconduct or gross negligence of [BAAM.]***

(b)  So long as [BAAM] acts in ***good faith***, [BAAM] shall be fully protected in relying upon . . . information, opinions, reports or statements presented to the Company by [KPPA.]

(c)  So long as [BAAM] acts in ***good faith***, [BAAM] may rely upon and shall be protected in acting or refraining from action upon any instruction from, or document signed by, any authorized person of [KPPA.]

(Emphasis added.)

The trial court found that when "[r]ead together these provisions create a requirement in which BAAM's ability to rely on [KPPA's] representations is predicated on its own compliance with a 'good faith' standard of conduct. BAAM's compliance with this standard is among the rights and liabilities currently being litigated in the Underlying Action[s]." It further observed that "[u]ntil the legal and factual issues surrounding such rights and liabilities are established in the Underlying Action[s], the claims raised in this action cannot be adequately

-9-

evaluated." In other words, "to the extent it is ascertained in the Underlying Action[s] that BAAM did not comply with the 'good faith' standard, such failure would 'necessarily render[] moot' any claims of breach by [KPPA.] Accordingly, BAAM's claim in this action is 'premature[.]'" (Emphasis in original.) We agree with the trial court. We also disagree with BAAM's assertions that there is no allegation in the *Overstreet* action or declaratory action that BAAM did not comply with the "good faith" standard of conduct. *See Overstreet* amended complaint ¶¶ 105, 106, 175, 184, 186, 230-237, 239-44, 246, 248-49, and 286-323 (this includes allegations against BAAM for breaches of statutory, fiduciary, and other duties; civil conspiracy; aiding and abetting breaches of statutory, fiduciary, and other duties; and for punitive damages). *See also* declaratory action complaint ¶¶ 25-26, 36-38, 40 and 45-46 (these are derivative claims from *Overstreet*).

At its core, "ripeness involves weighing two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review." *W.B.*, 388 S.W.3d at 114. Herein, the trial court was well within its authority to determine that the issues raised by BAAM are not presently "fit" for judicial review as the outcome of this case is largely dependent on the outcome of the underlying actions. If it is determined that BAAM's actions fall within the exceptions contained in Section 2.3 of their LLC agreement, BAAM is precluded from recovering its requested damages. Therefore, the more prudent

course of action is to either litigate these issues in those actions or file another action *__after__* a judicial determination is reached in those actions.

The trial court also considered the potential hardship to the parties of withholding its consideration of the issues raised herein.[4] It appropriately concluded that, due to the necessity of a judicial determination on whether BAAM acted in good faith to determine whether it was entitled to relief, any hardship in waiting for resolution of the underlying actions would not be sufficient to justify hearing this case at this time. Because the other arguments do not change the outcome, we need not address them.

### CONCLUSION

Therefore, and for the foregoing reasons, the order of the Franklin Circuit Court is AFFIRMED.

ALL CONCUR.

---

[4] In its order, the trial court stated:

> The Court must also weigh the fitness for judicial review of the present action against potential hardship for BAAM. However, this balancing does not weigh in favor of allowing the current action to proceed. The Court does not see how allowing the Underlying Action[s] to conclude before assessing whether [KPPA] was in breach of the Subscription Agreement would create hardship for BAAM. In fact, it is impossible to adjudicate this dispute until the claims of bad faith and breaches of duty against BAAM in the Underlying Action[s] have been resolved.

BRIEFS FOR APPELLANT:

Brad S. Karp
Lorin L. Reisner
Andrew J. Ehrlich
Brette Tannenbaum
New York, New York

Donald J. Kelly
Jordan M. White
Louisville, Kentucky

BRIEF FOR APPELLEES
KENTUCKY PUBLIC PENSIONS
AUTHORITY, BOARD OF
TRUSTEES OF KENTUCKY
RETIREMENT SYSTEMS,
KENTUCKY RETIREMENT
SYSTEMS INSURANCE TRUST
FUND, KENTUCKY EMPLOYEES
RETIREMENT SYSTEM, AND
STATE POLICE RETIREMENT
SYSTEM:[5]

Paul C. Harnice
Christopher E. Schaefer
Sarah J. Bishop
Connor B. Egan
Andrew T. Hagerman
Frankfort, Kentucky

BRIEF FOR APPELLEE COUNTY
EMPLOYEES RETIREMENT
SYSTEM:

W. Eric Branco
William E. Johnson
Joseph P. Bowman
Frankfort, Kentucky

---

[5]  Although the "State Police Retirement System" was not named as an appellee in the notice of appeal, they purport to join in this appellee brief.